MORRIS BLOG, Respondent, *v.* BURDEN & Co., INC., Appellant.

Supreme Court, Appellate Term, Second Department, October 27, 1932.

*Weller, Rogers & Bergen* [*Howard A. Rochford* of counsel], for the appellant.

*B. F. Lerch,* for the respondent.

PER CURIAM. Judgment unanimously reversed upon the law, with thirty dollars costs to appellant, and complaint dismissed, with appropriate costs in the court below.

It is undisputed that defendant's counterclaim, if proper to be considered, was greater in amount than plaintiff's claim. The sole question is whether the counterclaim was a proper one. It is undenied that it arose out of the same contract upon which the plaintiff predicates his case. It, therefore, comes under subdivision 1 of section 266 of the Civil Practice Act. It follows, therefore, that the provisions of section 267 of the Civil Practice Act do not apply because by their terms they are made applicable only to subdivision 2 of section 266. Nor do we think the provisions of section 41 of the Personal Property Law apply. The forerunner of that section was found in the Code of Civil Procedure. It existed there at the same time that the forerunners of the present sections 266 and 267 were found there. So far as this court has been able to ascertain, it has never been held that the provisions of section 41 of the Personal Property Law applied to a counterclaim that came within subdivision 1 of section 266. We think those provisions apply only to counterclaims coming within the second subdivision of that section. In a case in which the counterclaim arose under subdivision 1, the Court of Appeals held that, although

it was not in existence at the time of the assignment, it was available to the defendant, having accrued before the action was brought. (*Seibert* v. *Dunn*, 216 N. Y. 237, 245, 246.) That is exactly the situation in the case being reported. The only difference is that in this case the assignee gave notice of the assignment while in the *Seibert* case there was no proof of such notice having been given. The Court of Appeals stated that they would not pass upon the question of what the effect would have been had the notice been given. We hold that the giving of notice has no effect as to counterclaims coming within subdivision 1 of section 266.

All concur; present, CROPSEY, MACCRATE and JOHNSTON, JJ.